UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLINOIS BELL TELEPHONE CO., )
)
Plaintiff, )
) Case No. 09-cv-2189
v. )
) Judge John W. Darrah
GLOBAL NAPS ILLINOIS, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Illinois Bell Telephone Co. ("AT&T Illinois" or "AT&T") brought this action against Global NAPs Illinois, Inc. ("Global") under the Illinois Public Utilities Act. AT&T alleges that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Before the Court is AT&T's Motion to Dismiss Global's Sixth Affirmative Defense," entitled "Set-off/Counterclaim," pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, AT&T's Motion is denied.

## BACKGROUND

In 2003, AT&T Illinois and Global entered into an interconnection agreement (the "ICA") pursuant to the federal Telecommunications Act of 1996. The ICA provided the terms by which AT&T and Global would interconnect telecommunications traffic. In June 2006, AT&T Illinois brought claims against Global and its affiliates, alleging that they failed to pay AT&T Illinois money due for various services provided to Global under the ICA and federal and state tariffs. *See Ill. Bell Tel. Co. v. Global NAPs, Inc.*, No. 06 C 3431 (N.D. Ill.) (the "First AT&T Illinois Action").

In December 2007, the Court dismissed some of AT&T's claims without prejudice, holding that they should first be heard by the Illinois Commerce Commission ("ICC"). AT&T then filed a complaint against Global with the ICC (the "ICC Action"). On February 11, 2009, the ICC held that Global had breached its ICA with AT&T Illinois and violated AT&T's intrastate tariff by failing to pay for various services AT&T Illinois had provided to Global. The ICC ordered Global to pay approximately $1.5 million in damages. Global never paid.

AT&T filed the instant lawsuit in April 2009 to enforce the ICC judgment. On November 2, 2009, Global asserted a Set-off/Counterclaim in its Amended Answer to AT&T's Complaint. That claim alleges that AT&T also failed to pay money it was obligated to pay to Global under the ICA and that AT&T failed to reflect certain offsets and credits in its invoices to Global. Global did not raise its Set-off/Counterclaim in either the First AT&T Illinois Action or the ICC Action.

## LEGAL STANDARD

The standard to dismiss complaints, as set forth in Rule 12(b)(6), also applies to the dismissal of counterclaims. *Gordon v. Vitalis Partners, LLC*, No. 07 C 6807, 2008 WL 2961258, *1 (N.D. Ill. July 31, 2008) (citing *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001)). The court must accept as true all well-pleaded factual allegations in the complaint and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). The allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff

pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## ANALYSIS

AT&T Illinois argues that Global's Set-off/Counterclaim should be dismissed for three reasons: (1) the allegations in the Set-off/Counterclaim consist of compulsory counterclaims that should have been asserted in prior proceedings; (2) the Set-off/Counterclaim is barred by the doctrine of *res judicata*; and (3) Global waived its Set-off/Counterclaim by failing to present it during the last three-and-a-half years of litigation with AT&T. None of AT&T's arguments are persuasive.

### *Compulsory Counterclaim*

The federal compulsory-counterclaim rule does not operate to prevent Global from asserting its claim. Under Federal Rule of Civil Procedure 13(a), "[a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." AT&T argues that Global's Set-off/Counterclaim arises from identical facts, law, and evidence as the claims AT&T asserted in the First AT&T Illinois Action and in the ICC Action. Therefore, argues AT&T, the counterclaim was compulsory in those actions and cannot now be asserted in the instant action.

But Rule 13 does not provide an independent ground for barring a claim that should have been asserted in another action. "All Rule 13(a) does is command that certain claims be pleaded as counterclaims. It does not specify the consequences of

3

failing to do so. Those consequences are given by the doctrine of *res judicata*, including its exceptions." *Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 917 (7th Cir. 2008). Moreover, the rule does not apply to proceedings (such as the ICC Action) that are not governed by the Federal Rules of Civil Procedure. And even if AT&T could establish that Global's Set-off/Counterclaim should have been brought in an earlier proceeding, AT&T still must show that the claim is barred by the doctrine of *res judicata* under Illinois law. AT&T has not done so.

## *Res Judicata*

The doctrine of *res judicata* bars all issues actually decided in prior litigation as well as "all issues that could have been raised and determined in an earlier action." *Fuller Family Holdings, LLC v. N. Trust Co.*, 863 N.E.2d 743, 755 (Ill. App. Ct. 2007). If a state agency acts in a judicial capacity, the court must give that agency's determinations the preclusive effect to which they would be entitled in Illinois state courts. *See E. Food & Liquor, Inc. v. United States*, 50 F.3d 1405, 1411 (7th Cir. 1995) (citations omitted).

Here, AT&T merely states, in conclusory fashion, that "the ICC determinations in question would be given preclusive effect in Illinois state court." AT&T provides no support as to how the ICC was acting in a judicial capacity and makes no attempt to establish that the Set-off/Counterclaim should have been asserted in the ICC Action – or even that it would have been allowed. Although AT&T cites cases addressing the application of *res judicata* to decisions rendered by state agencies, none of those cases

4

discusses ICC decisions; and the Court is aware of no case that has given *res judicata* effect to claims raised (or not raised) in an ICC proceeding.

Moreover, those cases cited by AT&T that did address the preclusive effect of a state-agency decision involved actions in which the agency was a party. *See Marco v. Doherty*, 657 N.E.2d 1165, 1166 (Ill. App. Ct. 1995); *Eckman v. Bd. of Trustees*, 493 N.E.2d 671, 673 (Ill. App. Ct. 1986). Here, the ICC is not a party to the instant litigation. To the extent those cases are instructive, they must be considered in light of the fact that Illinois courts do not give *res judicata* effect to ICC decisions when the ICC is a party in the subsequent litigation. *See Lakehead Pipeline Co. v. Ill. Commerce Comm'n*, 696 N.E.2d 345, 354 (Ill. App. Ct. 1998) ("[T]he [ICC] is not a judicial body and its orders do not have the effect of *res judicata*.") (citing *Mississippi River Fuel Corp. v. Ill. Commerce Comm'n*, 116 N.E.2d 394 (Ill. 1953)).

Even if AT&T had shown that the ICC Action were to be considered a judicial determination such that it would be entitled to *res judicata* effect, AT&T has not demonstrated that the Set-off/Counterclaim is sufficiently related to the factual issues resolved in the ICC Action. In situations where a party is asserting that a claim should have been brought as a counterclaim in an earlier proceeding, Illinois follows the rule "that a defendant who may interpose a claim as a counterclaim, but fails to do so, is not thereby precluded from maintaining an action on that claim unless '[t]he relationship between the counterclaim and the [current] claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in

5

the initial action.'" *Dowrick v. Village of Downers Grove*, 840 N.E.2d 785, 791 (Ill. App. Ct. 2005) (quoting Restatement (Second) of Judgments § 22(2)(b) (1982)).

AT&T asserts that the Set-off/Counterclaim arises out of the ICA and is thus part of the same transaction such that it is now barred. The ICC Action was brought to determine what was owed to AT&T under the ICA. On its face, Global's Set-off/Counterclaim does not seek to nullify that judgment or otherwise challenge the factual findings as to the money due to AT&T under the agreement; it seeks to offset that amount by money owed to Global by AT&T under the ICA and through "various credits and offsets." There is no indication that these charges were even due at the time of the ICC Action, much less that they were necessarily part of the same transaction for purposes of *res judicata*. Ultimately, AT&T has not met its burden of demonstrating that Global's Set-off/Counterclaim is *res judicata* based on the pleadings.

*Waiver*

Finally, AT&T argues Global waived its Set-off/Counterclaim by not raising the claim at any point in the last three-and-a-half years of litigation with AT&T. AT&T relies on a single case for support: *Craig v. United Automobile Insurance*, 878 N.E.2d 155, 158 (Ill. App. Ct. 2007) (*Craig*). In *Craig*, the court held that a particular claim was waived when the counterclaimant "fail[ed] to raise it until more than two years after receiving the claim, and more than one year after the arbitration award." *Id.*

*Craig* does not establish any general rule of waiver other than the following: "Waiver occurs whenever a party intentionally relinquishes a known right, either expressly or by conduct inconsistent with an intent to enforce that right." *Id.* Here,

6

AT&T has not identified any express waiver of Global's alleged right to certain offsets and credits. Nor has AT&T demonstrated that Global unequivocally decided to waive a right to the payments and credits to which it now claims to be entitled. *See Solai & Cameron, Inc. v. Plainfield Comty. Consol. Sch. Dist. No. 202*, 871 N.E.2d 944, 960 (Ill. App. Ct. 2007) (stating that implied waiver of a legal right must be shown by a clear, unequivocal, and decisive act); *Lavelle v. Dominick's Finer Foods, Inc. of Ill.*, 592 N.E.2d 287, 291 (Ill. App. Ct. 1992) (stating that implied waiver must be clearly inferred from the circumstances). Instead, AT&T merely states that Global "offers no other legal authority to support its assertion that the doctrine of waiver should not apply in this instance." (Pl. Reply Br. 5.) The burden to demonstrate that Global's Counterclaim should be dismissed is AT&T's. *See Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990). And AT&T has not met that burden.

## CONCLUSION

As discussed above, AT&T has not shown that Global's Set-off/Counterclaim should be dismissed according to any of AT&T's theories. Therefore, AT&T's Motion to Dismiss is denied.

Date: 2-18-10

JOHN W. DARRAH
United States District Court Judge